# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

RHONDA LEA GERINGER,

     Plaintiff,

v.

CITY OF PLEASONTON,
PLEASANTON POLICE DEPARTMENT,
EMPLOYERS,

     Defendants.

Case No.: 3:18-cv-00385-RCJ-WGC

**Report & Recommendation of
United States Magistrate Judge**

     This Report and Recommendation is made to the Honorable Robert C. Jones, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

     Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and *pro se* complaint (ECF No. 1-1).

## I. IFP APPLICATION

     A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

     The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The

application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Plaintiff submitted an IFP application that is not signed or dated; therefore, the IFP application should be denied without prejudice. While Plaintiff would normally be given leave to file a new IFP application, the court has undertaken a preliminary review of Plaintiff's complaint and finds that it should be dismissed for failure to state a claim and because it was not filed in the proper venue.

## II. SCREENING

**A. Standard**

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule

1   of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is

2   essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723

3   (9th Cir. 2000) (citation omitted).

4           The court must accept as true the allegations, construe the pleadings in the light most

5   favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395

6   U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent

7   standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)

8   (internal quotation marks and citation omitted).

9           A complaint must contain more than a "formulaic recitation of the elements of a cause of

10  action," it must contain factual allegations sufficient to "raise a right to relief above the speculative

11  level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain

12  something more … than … a statement of facts that merely creates a suspicion [of] a legally

13  cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff

14  should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see*

15  *also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

16          A dismissal should not be without leave to amend unless it is clear from the face of the

17  complaint that the action is frivolous and could not be amended to state a federal claim, or the

18  district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d

19  1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

20  **B. Plaintiff's Complaint**

21          Plaintiff's complaint names the City of Pleasanton, Pleasanton Police Department, and

22  "Employers." (ECF No. 1-1 at 1.)

23

Plaintiff asserts that she is a victim of harassment, racial hatred, religious prosecution, attempted murder, fraud, discrimination, hate crimes, excessive force, and a violation of her livelihood. She alleges she was harassed and pulled over 18 times at her places of employment.

While Plaintiff generally alleges that her rights have been violated, she includes no specific facts giving rise to any particular civil rights claim. She does not allege any conduct on the part of any defendant.

She names the City of Pleasanton and Pleasanton Police Department, but has not sufficiently alleged liability on the part of a municipal defendant. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

Nor does she identify her employers or indicate how they are implicated in this action.

Finally, the District of Nevada is not the proper venue for a civil rights complaint against these defendants, who appear to be located in Pleasanton, California, which is also where the events giving rise to the claim allegedly occurred. *See* 28 U.S.C. § 1391(b) (venue proper in judicial district where any defendant resides if all in the same state, where substantial part of events giving rise to the claim occurred, or where defendant subject to personal jurisdiction).

Therefore, this action should be dismissed.

### **III. RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order: **DENYING** Plaintiff's IFP application (ECF No. 1), **DISMISSING** this action, and **DENYING AS MOOT** Plaintiff's motion requesting appointment of pro bono counsel.

The Plaintiff should be aware of the following:

1. That [s]he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report

and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

      2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

      DATED: November 5, 2018.

William G. Cobb
United States Magistrate Judge